UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAROLD BRUCE DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:10-0721 |
| ) | Judge Campbell/Bryant |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE and DAVIDSON COUNTY, ) | |
| TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Chief Judge Todd J. Campbell**

**REPORT AND RECOMMENDATION**

Plaintiff Harold Bruce Davis, Jr., proceeding pro se, has filed this employment discrimination action against the Metropolitan Government of Nashville and its Board of Fair Commissioners (Docket Entry No. 1). Plaintiff bases his claims on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et al.

Defendants have filed two motions to dismiss (Docket Entry Nos. 7 and 12), to which plaintiff has responded in opposition (Docket Entry Nos. 9, 10, 14 and 15).

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge recommends that defendants' motions to dismiss be granted.

**Statement of the Case**

Plaintiff alleges that he is a black citizen and that defendants wrongfully discriminated against him based upon his race

when they failed to hire him as Executive Director of the Metropolitan Board of Fair Commissioners. Specifically, plaintiff alleges that defendants failed to advertise the vacancy in the Executive Director position, and, by this failure, denied plaintiff and other black persons an opportunity to apply and be considered for the position. Plaintiff alleges that he "would have been interested in applying for the Executive Director position, if the defendants had advertised the vacancy." (Docket Entry No. 1 at ¶11). Plaintiff alleges that he was as qualified as the white male chosen for the position.

Defendants filed a motion to dismiss the original complaint (Docket Entry No. 7), after which plaintiff filed his amended complaint (Docket Entry No. 11). From a comparison of the two complaints, it appears that the only substantive changes in the amended complaint are the addition of an allegation that "[p]laintiff was not aware that there was a vacancy until after it was filled," (Docket Entry No. 11, ¶8) and the addition of the words "and would have applied for" in paragraph 11.

Defendants filed their second motion to dismiss (Docket Entry No. 12) following the filing of the amended complaint. Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on two grounds. First, to the extent that the complaint as amended seeks to assert a claim against the Metropolitan Board of Fair Commissioners, defendants

2

argue that this Board lacks the legal capacity to sue or be sued. Second, defendants maintain that the complaint as amended fails to state a *prima facie* claim of race discrimination under Title VII because it fails to allege that plaintiff applied for, or otherwise expressed an interest in, the Executive Director's position prior to the hiring of the current director.

### **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."

League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## **Analysis**

*Capacity of Metropolitan Board of Fair Commissioners to be sued*. Defendants argue that the Metropolitan Board of Fair Commissioners ("Fair Board") lacks the legal capacity to sue or be sued and, therefore, must be dismissed as a defendant.

Federal Rule of Civil Procedure 17(b) provides that the capacity of a governmental corporation to sue or be sued in federal

4

court is governed by the law of the state in which the entity was organized. Political subdivisions of a state or local government have capacity only if the law creating them recognizes them as separate legal entities having capacity to sue or be sued. 4 James W. Moore, <u>Moore's Federal Practice</u> § 17.26[3] at 17-111 (3rd ed. 2000). Under Tennessee law, the rights, powers and duties of a municipal corporation such as Metropolitan Government are determined by the corporation's charter as well as the general law of the state. <u>Barnes v. City of Dayton</u>, 216 Tenn. 400, 392 S.W. 2d 813, 817 (Tenn. 1965). As a general rule, these powers and rights are to be strictly construed. <u>State ex rel. Kercheval v. City of Nashville</u>, 83 Tenn. 697, 706 (1885). Section 1.01 of the Charter of the Metropolitan Government of Nashville and Davidson County specifies the Metropolitan Government's basic powers and rights (Docket Entry No. 7-1). This provision specifically provides that the Metropolitan Government shall have the capacity to sue and be sued. Section 11.601 of this Charter creates the Metropolitan Board of Fair Commissioners, and Section 11.602 specifies the functions and duties of this Board. Significantly, these functions and duties do not include the ability to sue and be sued. Construing the powers and duties of the Board strictly, as required by Tennessee law, the undersigned Magistrate Judge finds that the Fair Board is not capable of being sued separately and distinctly from the Metropolitan Government. <u>See</u> <u>Haines v. Metropolitan</u>

5

Government, 32 F.Supp 2d 991, 994 (M.D. Tenn 1998) (finding that the Metropolitan Board of Public Education is not capable of suing or being sued separately from the Metropolitan Government).

Because the Fair Board lacks the capacity to sue or be sued separately and apart from the Metropolitan Government, the undersigned Magistrate Judge finds that defendants' motion to dismiss claims against the Fair Board should be granted.

Failure to state a claim against Metropolitan Government. Defendants insist that plaintiff's complaint, as amended, fails to state a *prima facie* claim of race discrimination under Title VII because it does not allege that plaintiff applied for or otherwise expressed interest in the Fair Board Executive Director position prior to the hiring of the current Executive Director.

A claim of employment discrimination under Title VII is analyzed under the burden-shifting model of McDonnell Douglas v. Green, 411 U.S. 792 (1973). Under this standard, the plaintiff bears the burden of proof to establish a *prima facie* case of unlawful discrimination. In a case alleging discriminatory failure to hire, the plaintiff in order to make out a *prima facie* case must show: (1) that he is a member of a protected class; (2) that he applied for and was qualified for the position sought; (3) that he was considered and denied selection for the position; and (4) that a person outside the protected class received the position. Betkerur v. Aultman Hospital Ass'n, 78 F.3d 1079, 1095 (6th Cir. 1996). Here it is undisputed that plaintiff is a member of a

protected class based upon his race and that a person outside this protected class was hired for Executive Director position. Therefore, plaintiff satisfies the first and fourth prongs of a *prima facie* case under the McDonnell Douglas framework. However, plaintiff concedes that he did not apply for the position, nor was he considered, allegedly because defendant Metropolitan Government failed to publish an advertisement announcing the vacancy. Plaintiff alleges in his amended complaint that he was not aware there was a vacancy until after it had been filled, and that he would have applied for the Executive Director position had defendants advertised its availability (Docket Entry No. 11 at 2).

Conceding, as he must, that he has not satisfied prongs (2) and (3) set forth by McDonnell Douglas, that he applied for and was considered for the subject position, plaintiff nevertheless argues that his failures should be excused under the holding in the case of Dews v. A.B. Dick Co., 231 F.3d 1016 (6th Cir. 2000).

The plaintiff in the Dews case alleged a racially discriminatory failure to promote. Although plaintiff Dews expressed to his supervisor, Dan Holland, his interest in the Regional Sales Manager position, the supervisor told Dews that he was not qualified because he did not live in the subject sales region and the company had not allocated funds for relocation of employees. 231 F.3d at 1019. Dews did not formally apply for and was not granted an interview for the Regional Sales Manager position. When Dews later filed his action alleging that he failed

to receive this promotion because of racial discrimination, the employer in its motion for summary judgment argued that Dews could not demonstrate a *prima facie* case of employment discrimination under the McDonnell Douglas framework because he could not show that he had applied for the promotion or had been considered for it.

The Sixth Circuit Court of Appeals, relying upon the case of Carmichael v. Birmingham Saw Works, 738 F.2d 1126 (11th Cir. 1984), held that

> in failure to promote cases a plaintiff does not have to establish that he applied for and was considered for the promotion when the employer does not notify its employees of the available promotion or does not provide a formal mechanism for expressing interest in the promotion. Instead, the company is held to a duty to consider all those who might reasonably be interested in a promotion were its availability made generally known.

Dews, 231 F.3d at 1022. The Sixth Circuit further found that plaintiff Dews had established a genuine issue of material fact for trial so that summary judgment was inappropriate. Id. at 1023.

Plaintiff here argues that, under the rationale of the Dews decision, the Metropolitan Government's failure to advertise the vacancy in the Executive Director's position excuses plaintiff's obligation to demonstrate that he applied for and was considered for the subject employment. This case, however, is factually distinguishable from Dews because the Dews case was a failure-to-promote case, where this case, in contrast, is one alleging a discriminatory failure to hire. Plaintiff Dews was

8

already a member of the work force when the defendant employer took the allegedly discriminatory job actions. In contrast, plaintiff Davis here has never been employed by the Metropolitan Government, at least insofar as the record shows, and therefore at all times was a "stranger" to the Metropolitan Government, and to the Fair Board Executive Director position. Plaintiff has cited no case in which the Sixth Circuit has extended the Dews rationale to a failure-to-hire employment discrimination case, and the undersigned Magistrate Judge has been unable to locate such authority. For this reason, the undersigned Magistrate Judge finds that this case should be subject to the general rule which requires a showing that the plaintiff applied for and was considered for the subject employment in order to state a *prima facie* case. This general rule was stated by the Sixth Circuit as follows:

> With limited exceptions, one cannot establish that he was subject to an adverse hiring decision unless he makes his desire for the position known to the employer. As one court has recognized, "[t]he requirement that an [employment] discrimination plaintiff apply for the job is grounded in common sense. For if an application were not necessary, then nearly every decision to hire or promote would be subject to challenge. Reilly v. Friedman's Express, Inc., 556 F.Supp 618, 623 (M.D. Pa. 1983).

Wanger v. G.A. Gray Co., 872 F.2d 142, 147 (6th Cir. 1989).

For the reasons stated above, the undersigned Magistrate Judge finds that plaintiff has failed to establish the required elements of a *prima facie* case of employment discrimination, and, therefore, that his complaint should be dismissed for failure to state a claim.

9

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motions to dismiss (Docket Entry Nos. 7 and 12) be **GRANTED** and that the complaint, as amended, be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 18th day of January 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge