IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HAROLD BRUCE DAVIS, JR.                )
                                       )
v.                                     ) NO. 3-10-0721
                                       ) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT OF             )
NASHVILLE AND DAVIDSON                 )
COUNTY, et al.                         )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 16), Objections filed by the Plaintiff (Docket No. 24), and a Response filed by Defendants (Docket No. 25).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file.

Plaintiff argues that the Magistrate Judge failed to address his argument that it is not necessary, in an employment discrimination case, for a plaintiff to establish a *prima facie* case in order to survive a motion to dismiss. Docket No. 24, p. 4. Plaintiff bases this argument on *Swierkiewicz v. Sorema*, 122 S.Ct. 992 (2002). In that case, the Supreme Court found that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. *Id*. at 997.

*Swierkiewicz* was filed, however, before the new pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In those cases, the Supreme Court announced that a complaint cannot survive a motion to

dismiss unless it contains well-pleaded facts that are not merely consistent with a defendant's liability but positively allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 129 S.Ct. at 1949-50. Since *Twombly* and *Ashcroft*, some lower courts have concluded that the *Swierkiewicz* standard has been overruled. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009); *Bacon v. Georgia Ports Authority*, 2010 WL 5538515 at \*\* 1-2 (S.D. Ga. Dec. 17, 2010); *Sablan v. A.B. Won Pat Int'l Airport Authority*, 2010 WL 5148202 at \*\* 3-4 (D. Guam Dec. 9, 2010) and cases cited therein.[1]

Even though it may not be necessary that Plaintiff's Amended Complaint include facts constituting all the elements of a *prima facie* case in order to survive the pending Motion to Dismiss, *see Sablan* at \* 4, those elements are nonetheless relevant to the Court's analysis of the sufficiency of the Amended Complaint. *Id.* In other words, the Court must look at the Amended Complaint in light of the relevant evidentiary standard in order to decide whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

Here, Plaintiff's Amended Complaint fails to allege one of the important elements of an employment discrimination claim, that Plaintiff applied for and was considered for the job at issue. As explained by the Magistrate Judge, *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000), is not controlling. Plaintiff's failure to allege facts supporting this element is fatal to his employment discrimination claim.[2]

---

[1] A district court has noted that it remains an open question in the Sixth Circuit whether *Twombly* and *Ashcroft* have effectively abrogated that portion of *Swierkiewicz*. *See Davis v. Kroger Co.*, 2010 WL 5882114 at \* 2 (S.D. Ohio Sept. 15, 2010).

[2] Plaintiff also asserts that the Magistrate Judge failed to address his disparate impact claim. The Court finds that the Amended Complaint does not allege a disparate impact claim, even in the paragraphs cited by the Plaintiff.

For all these reasons, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Defendant's Motion to Dismiss Amended Complaint (Docket No. 12)[3] is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's Motion to Dismiss (Docket No. 7) is moot, since Plaintiff has filed an Amended Complaint. Docket No. 11.